1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (CA#144074)
2  Marcel F. Sincich, Esq. (CA#319508)
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, CA 91367
   dalekgalipo@yahoo.com | msincich@galipolaw.com
4  Phone: (818) 347-3333 | Fax: (818) 347-4118
5  **SMITH ALSTON DARNER & LEE**
   John M. Alston, #023572
6  Jonathan D. Darner, #031498
   6816 E. Brown Road, Suite 101
7  Mesa, Arizona 85207
   Phone (602) 892-5000 | Fax (602) 892-5555
8  john@smithalstonlaw.com | jd@smithalstonlaw.com
   *Attorneys for Plaintiff Edgar Parra-Cota*
9

10              **IN THE UNITED STATES DISTRICT COURT**

11               **FOR THE DISTRICT OF ARIZONA**

12  | | |
    |---|---|
    | Edgar Parra-Cota, | Case No.: **2:23-cv-02305-KML (MTM)** |
13  | Plaintiff, | [*Honorable Krissa M. Lanham*] |
14  | vs. | **PLAINTIFF'S OBJECTIONS TO** |
15  | City of Phoenix, et al., | **EXHIBITS PRESENTED IN** |
    | | **DEFENDANT'S MOTION FOR** |
16  | Defendants. | **SUMMARY JUDGMENT** |

17    <u>**PLAINTIFFF'S OBJECTION S TO EXHIBITS PRESENTED IN DEFENDANT'S**</u>
18              <u>**MOTION FOR SUMMARY JUDGMENT [Dkt. 90]**</u>

19         To assist the Court, Plaintiff provided objections to inadmissible and irrelevant

20  exhibits, repeatedly cited by Defendants, that the Ninth Circuit and Supreme Court have

21  clearly stated cannot be considered in determining the reasonableness of an officer's use of

22  deadly force. These objections apply uniformly to each of Defendants' several "facts" cited

23  therein. Plaintiff contends that the following exhibits should not be considered at all in

24  evaluating Defendants' Motion:

25  **Defendants' Exhibit 1 – Department Reports 2022-1707959 [COP003494–3535]:**

26         Exhibit is 42 pages from 18 separate reports, many of which are also included as sub-

27  exhibits to Defendants Declarations. This Exhibit is only cited to twice in Defendants entire

28  41-page Motion: first at 1:24 without a pin-cite apparently referring to the entire document,

and second at 3:15 with a "¶22" pin-cite despite there being no numbered paragraphs in the exhibit and page 22 not corresponding to the preceding content. The Court requires that all factual statements must be followed by a specific citation to the supporting evidence, including a pincite. (KML Case Management Order at 6:12-13.) Further, the Court Ordered, that the evidence may include *only* relevant excerpts rather than full documents. (KML Case Management Order at 6:14-15.) Objection on the grounds that these reports include information unknown to officers, are cumulative, inappropriate to file documents that are not used to support a contention, unduly prejudicial, includes several layers of hearsay, and includes conclusions that are based on a different standard of proof. This exhibit also should not be considered because they are irrelevant, unduly prejudicial, and include inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801. Further, statements within the reports are not under oath, lack credibility, lack foundation, call for speculation, and include inappropriate opinion testimony. Fed. R. Evid. 602, 611, 701, 702. This exhibit serves no purpose to the pending Motion. Thus, Plaintiff respectfully requests that it is stricken from the record.

**Defendants' Exhibit 2 – CAD Report [COP003866–3905]:**

Exhibit 2 is 39 pages of data from City of Phoenix electronic call for service information technology bureau. This report is cited by Defendants only once in their entire 41-page Motion at 2:1, and only to a single page, merely to establish the location of the incident, which was already established by Exhibit 25 Declaration of Sgt. Roberts. Further, the Court Ordered, that the evidence may include *only* relevant excerpts rather than full documents. (KML Case Management Order at 6:14-15.) Objection on the grounds that this report includes information unknown to officers, is cumulative, inappropriate to file a document that is not used to support a contention, unduly prejudicial, includes several layers of hearsay, and includes conclusions that are based on a different standard of proof. This exhibit also should not be considered because they are irrelevant, unduly prejudicial, and include inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801. Further, statements within audio are not under oath, lack credibility, lack foundation, call for

speculation, and include inappropriate opinion testimony. Fed. R. Evid. 602, 611, 701, 702. This exhibit serves no purpose to the pending Motion. Thus, Plaintiff respectfully requests that it is stricken from the record.

**Defendants' Exhibit 3 – Audio – 911 Call [COP003906]:**

Exhibit 3 is a 10 minute and 34 second audio file from the 911 call for service. This exhibit is cited by Defendants only once in their entire 41-page Motion at 1:24, without a pin-cite, apparently referring to the same information established the Defendant Declarations. The Court requires that all factual statements must be followed by a specific citation to the supporting evidence, including a pincite. (KML Case Management Order at 6:12-13.) Further, the Court Ordered, that the evidence may include *only* relevant excerpts rather than full documents. (KML Case Management Order at 6:14-15.) Objection on the grounds that this report includes information unknown to officers, is cumulative, inappropriate to file a document that is not used to support a contention, unduly prejudicial, and includes several layers of hearsay. This exhibit also should not be considered because they are irrelevant, unduly prejudicial, and include inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801. Further, statements within audio are not under oath, lack credibility, lack foundation, call for speculation, and include inappropriate opinion testimony. Fed. R. Evid. 602, 611, 701. This exhibit serves no purpose to the pending Motion. Thus, Plaintiff respectfully requests that it is stricken from the record.

**Defendants' Exhibit 4 – Audio – Radio Traffic from 05:59 to 06:58 [COP003907]:**

Exhibit 4 is a 58 minute and 55 second audio file from radio traffic. This exhibit is cited to by Defendants only once in their entire 41-page Motion at 2:1, without a pin-cite. The Court requires that all factual statements must be followed by a specific citation to the supporting evidence, including a pincite. (KML Case Management Order at 6:12-13.) Further, the Court Ordered, that the evidence may include *only* relevant excerpts rather than full documents. (KML Case Management Order at 6:14-15.) Objection on the grounds that this report includes information unknown to officers, is cumulative, inappropriate to file a document that is not used to support a contention, unduly prejudicial, and includes several

layers of hearsay. This exhibit also should not be considered because they are irrelevant, unduly prejudicial, and include inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801. Further, statements within audio are not under oath, lack credibility, lack foundation, call for speculation, and include inappropriate opinion testimony. Fed. R. Evid. 602, 611, 701. This exhibit serves no purpose to the pending Motion. Thus, Plaintiff respectfully requests that it is stricken from the record.

**Defendants' Exhibit 5 – Audio – Radio Traffic from 07:00 to 07:59 [COP003908]:**

Exhibit 5 is a 58 minute and 51 second audio file from radio traffic. This exhibit is cited to by Defendants only once in their entire 41-page Motion at 24:10, without a pin-cite. The Court requires that all factual statements must be followed by a specific citation to the supporting evidence, including a pincite. (KML Case Management Order at 6:12-13.) Further, the Court Ordered, that the evidence may include *only* relevant excerpts rather than full documents. (KML Case Management Order at 6:14-15.) Objection on the grounds that this report includes information unknown to officers, is cumulative, inappropriate to file a document that is not used to support a contention, unduly prejudicial, and includes several layers of hearsay. This exhibit also should not be considered because they are irrelevant, unduly prejudicial, and include inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801. Further, statements within audio are not under oath, lack credibility, lack foundation, call for speculation, and include inappropriate opinion testimony. Fed. R. Evid. 602, 611, 701. This exhibit serves no purpose to the pending Motion. Thus, Plaintiff respectfully requests that it is stricken from the record.

**Defendants' Exhibit 6 – Audio – Radio Traffic from 08:00 to 08:59 [COP003909]:**

Exhibit 6 is a 59 minute and 18 second audio file from radio traffic. This exhibit is cited to by Defendants only once in their entire 41-page Motion at 4:14, without a pin-cite. The Court requires that all factual statements must be followed by a specific citation to the supporting evidence, including a pincite. (KML Case Management Order at 6:12-13.) Further, the Court Ordered, that the evidence may include *only* relevant excerpts rather than full documents. (KML Case Management Order at 6:14-15.) Objection on the grounds that

this report includes information unknown to officers, is cumulative, inappropriate to file a document that is not used to support a contention, unduly prejudicial, and includes several layers of hearsay. This exhibit also should not be considered because they are irrelevant, unduly prejudicial, and include inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801. Further, statements within audio are not under oath, lack credibility, lack foundation, call for speculation, and include inappropriate opinion testimony. Fed. R. Evid. 602, 611, 701. This exhibit serves no purpose to the pending Motion. Thus, Plaintiff respectfully requests that it is stricken from the record.

**Defendants' Exhibit 7 – Audio – Radio Traffic from 09:00 to 09:45 [COP003910]:**

Exhibit 7 is a 44 minute and 54 second audio file from radio traffic. This exhibit is cited to by Defendants only once in their entire 41-page Motion at 5:5, without a pin-cite. The Court requires that all factual statements must be followed by a specific citation to the supporting evidence, including a pincite. (KML Case Management Order at 6:12-13.) Further, the Court Ordered, that the evidence may include *only* relevant excerpts rather than full documents. (KML Case Management Order at 6:14-15.) Objection on the grounds that this report includes information unknown to officers, is cumulative, inappropriate to file a document that is not used to support a contention, unduly prejudicial, and includes several layers of hearsay. This exhibit also should not be considered because they are irrelevant, unduly prejudicial, and include inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801. Further, statements within the audio are not under oath, lack credibility, lack foundation, call for speculation, and include inappropriate opinion testimony. Fed. R. Evid. 602, 611, 701. This exhibit serves no purpose to the pending Motion. Thus, Plaintiff respectfully requests that it is stricken from the record.

**Defendants' Exhibits 25-36 – Defendants' Declarations:**

These exhibits are 12 separate Declarations signed under oath by City officials containing information never mentioned in their initial reports, never mentioned at deposition, contradicted by video evidence, and not cited in Defendants Motion for Summary Judgment. These exhibits call into question the credibility of individual officers

and the City, which requires jury evaluation. Plaintiff objects on the grounds that the information contained within these declarations is irrelevant, cumulative, are not used to support any contention or fact of consequence, unduly prejudicial, inadmissible character evidence, improper opinion, speculation, lacks foundation, and include hearsay. Fed. R. Evid. 401, 402, 403, 404, 602, 611, 701, 702, 801. Defendants fail to cite even one of the nine depositions of the Officers involved for their contentions. Instead, they provide Declarations years after the incident that contradicts their prior testimony, adds new information, and are not based on personal knowledge. Defendants' Declarations are based on a later review of videos and reports. Further, several of the Declarations are from non-Defendant officers, thus, their statements are naturally information unknown to the Defendant Officers. Defendants' Declarations are littered with hearsay statements, speculative statements, statements that lack foundation, statements of events that the declarant did not personally observe, and vague and ambiguous statements. Defendants' Declarations consistently describe subjective fears and intents that are irrelevant to the analysis and have no factual support. Further, these declarations are redundant and include immaterial information in an apparent attempt to circumvent the Courts rule that there be no separate statement of facts and page limit requirement for motions. Plaintiff respectfully requests that Defendants' Declarations be stricken from the record and not considered as part of the pending Motion.

Federal Rule of Civil Procedure Rule 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." "The matters must be known to the declarant personally, as distinguished from matters of opinion or hearsay." *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1024 (N.D. Cal. 2006) (*citing Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995). Mere assertions of personal knowledge and competency to testify are insufficient to establish such assertions to be true. *Boyd*, 458 F. Supp. 2d at 1024. The district court in *Martinez*, 349 F.Supp. 2d at 1243 considered whether the party had

1 personal knowledge of the facts in his declaration. "More importantly, many of the

2 allegations made in the declaration are based on hearsay and are not within Martinez'

3 personal knowledge." *Id*. The court, in excluding the declaration, also reasoned that the new

4 allegations in the declaration were vague. *Id*.; *see Himaka v. Buddhist Churches of America*,

5 917 F. Supp. 698, 704 (N.D. Cal. 1995) ("Conclusory, speculative testimony in affidavits

6 and moving papers is insufficient to raise genuine issues of fact ad defeat summary

7 judgment." (*citing Falls Riverway Realty, Inc. v. Niagara Falls*, 754 F.2d 49, 57 (2nd Cir.

8 1985), *and Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979)). Here,

9 the 12 officer-involved Declarations submitted by Defendants at Exhibits 25 through 36, all

10 admit in Paragraph 3 of each Declaration, something to the effect that the Officers "make[s]

11 this Declaration based on…my review of relevant PPD business records, including by

12 training file, body worn camera footage, and incident report." These are not personal

13 knowledge declarations; they contradict deposition testimony and are based on hearsay and

14 information unknown. For this reason alone, the Exhibits 25-36, including their

15 attachments, should be stricken and not considered as part of the pending Motion.

16 The officers' declarations may be inadmissible under the "sham affidavit rule."

17 "Under the 'sham affidavit rule,' which is most often invoked in the context of a motion for

18 summary judgment, "a party cannot create an issue of fact by an affidavit contradicting his

19 prior testimony." *In re Conagra Foods, Inc.*, 90 F.Supp.3d 919, 960 (C.D. Cal. 2015) (*citing

20 Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (internal citation

21 omitted); *see Agricola Baja Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.*, 44

22 F.Supp.3d 974, 984 (S.D. Cal. 2014) (Under the sham affidavit rule, 'a party cannot create

23 an issue of fact by an affidavit contradicting his prior deposition testimony" (internal

24 citations omitted); *Pacific Ins. CO. v. Kent*, 120 F.Supp.2d 1205, 1213 (C.D. Cal. 2000)

25 ("Kent points to his later deposition testimony as proof of a genuine issue of fact concerning

26 his own experience. But, the 'general rule in the Ninth Circuit is that a party cannot create

27 an issue of fact by an affidavit contradicting his prior deposition testimony,'" *citing

28 Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). Here, there is no excuse

for Defendants attempt to create a threat of harm based on their Declarations filed in support of their Motion for Summary Judgment. *See Messick v. Horizon Indus., Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995); *Kent*, 120 F. Supp. 2d at 1213; *In Re Congara Foods, Inc*., 90 F.Supp.3d 3d 919, 961 (C.D. Cal 2015). The sham affidavit rule can be invoked when "the inconsistency between a party's deposition testimony and subsequent affidavit…[is] clear and unambiguous." *Van Asdale*, 577 F.3d at 998.

In *Martinez v. Marin Sanitary Serv.*, 349 F.Supp. 2d 1234 (N.D. Cal. 2009) a party provided a declaration that contradicted his deposition testimony. *Id*. at 1243. The party provided no explanation for the contradictions. *Id*. The district court excluded the party's declaration under the sham affidavit rule. *Id*. at 1244. Similarly, in *Yaeger v. Bowlin*, 693 F.3d 1076 (9th Cir. 2012), the declarant responded that he did not recall answers to numerous questions, including "significant or difficult-to-forget events" such as testimony in court or his involvement in an incident. *Id*. at 1080. "The disparity between the affidavit and deposition is so extreme that the court must regard the differences between the two as contradictions." *Id*. The Ninth Circuit affirmed the district court's decision to exclude the declaration under the sham affidavit rule, finding that "no juror would believe Yeager's weak explanation for his sudden ability to remember the answers to important questions about the critical issues of his lawsuit." *Id*.

**Defendants' Exhibit 39 – Department of Justice Press Release dated May 21, 2025:**

Exhibit 39 is a Press Release by the Department of Justice, primarily focusing on investigations into misconduct of the Louisville and Minneapolis police departments. This exhibit is cited a single time by Defendants claiming it is proof that the DOJ revoked its findings. However, a press release is not an official report or revocation of findings; it is only press. Objection to on the grounds that this exhibit is irrelevant, unduly prejudicial, lacks foundation, and calls for speculation. Fed. R. Evid. 401, 402, 403, 602, 611. Defendants' reliance on any retraction of official findings of excessive force and misconduct only raises issues of material fact requiring jury determination. Thus, Plaintiff respectfully requests that it is stricken from the record.

**Defendants' Exhibit 40 – Fed. R. Evid. 1006 Summary Exhibit:**

Pursuant to Fed. R. Evid. 1006, the court may admit a summary to prove the content of voluminous admissible writing, recordings, or photographs that cannot be conveniently examined in court. Defendants are attempting to prove information unknown to the Defendant Officers using videos of officers who are not defendants, had a different view and perspective of Plaintiff during the incident and heard different things than Defendants, including Exhibit 9 – Armstrong Video, Exhibit 13 – Azevedo Video, Exhibit 10 – Roberts Video, and Exhibit 19 – Gunnels Video.

Defendants mislead the Court in stating that the "Summary Exhibit" is a "SUMMARY OF ALL COMMANDS/COMMUNICATIONS WITH PLAINTIFF." This exhibit simply is not all the communications with Plaintiff and contains more than communication. With unfair prejudice, Defendants both attempt to describe what can be heard in the videos and want can be seen, by cherry-picking the information instead of providing a full transcript of the statements made or a complete, fair and unbiased summary of it. Defendants failed to include what Plaintiff said during the communication, failed to describe the officers' wrongdoing, and failed to accurately describe Plaintiff's conduct. Defendants omit material facts from the "summary" and there are inaccuracies contained therein. This "Summary Exhibit" is an attempt to circumvent the Courts rule that there be no separate statement of facts and page limit requirement for motions. Plaintiff objects to this exhibit as inaccurate and incomplete and contains information unknown to the Defendant Officers. Fed. R. Evid. 401, 402, 403, 404. The rule cannot be used as a back-door vehicle for introduction of evidence which is otherwise inadmissible, including hearsay. *Peat, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154, 1160 (11th Cir. 2004). All the content provided by the Defense is hearsay. Further, Defendants did not authenticate the information in the exhibit nor attest for its accuracy. *See*, *e.g.*, *United States v. Scales*, 594 F.2d 558, 563 (6th Cir. 1979).

Rule 1006 recognizes that the admission of summaries is where they offer the only practicable means of making content available to the Court but must have appropriate

1  safeguards. Here, it is practicable to view the videos. Plaintiff also recognizes that an
2  accurate transcript identifying the speakers could be helpful and more convenient, but it is
3  not necessary. Indeed, an illustrative summary serves much more helpful in understanding
4  the position of the parties, distances, and timing of events.

5  <u>As to All Exhibits Mentioned Above</u>:

6      This is a §1983 civil rights and state tort case arising from the use of excessive and
7  unreasonable force against Plaintiff Edgar Parra-Cota by City of Phoenix Police Officers.
8  The central issue in this case is whether the use of force, including deadly force, used
9  against Parra was excessive. The analysis is limited to information known to Officers at the
10 time the force was used. Defendants' erroneous attempt to use inadmissible information
11 unknown to the Defendant Officers to effectuate summary judgment and such information
12 should not be considered. Plaintiff objects on the grounds that Defendant's exhibits cited do
13 not establish the absence of a genuine dispute. FRCP. 56(c)(1)(B), (c)(2). Thus, these
14 "facts" should not be considered.

15     Pursuant to Local Rule 56-1, these exhibits do not present material facts. A fact is
16 "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex*
17 *Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence,
18 this information unknown to Defendants is immaterial. *See Tennessee v. Garner*, 471 U.S.
19 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the
20 reasonableness of police decisions made in uncertain and often dangerous circumstances.");
21 *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider
22 evidence of which the officers were unaware—the prohibition against evaluating officers'
23 actions 'with the 20/20 vision of hindsight' cuts both ways.").

24     Under the Federal Rule of Evidence, evidence that does not tend to make the
25 existence of any fact that is of consequence to the determination of the action more probable
26 or less probable is not admissible. <u>Rules 401, 402</u>. Since the Supreme Court first elucidated
27 the Fourth Amendment reasonableness standard in police shooting cases, lower courts and
28 juries have been required to confine their inquiry to the information known to the officer at

the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).

After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011). In *Glenn*, unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id.* Rejecting the "suggestion that…these statements provide uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement," the Ninth Circuit reiterated, "**[w]e cannot consider evidence of which the officers were unaware**…" *Id.* at 873, n.8, citing *Graham*, 490 U.S. at 396 (emphasis added). Accordingly, any evaluation here "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id.*; Ninth Circuit Model Jury Inst. 9.25.

Defendants' exhibits are irrelevant and inadmissible because it was not part of the "totality of the circumstances" facing the Officers at the time of their use of deadly force. *See Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"—even though the facts of the incident were profoundly disputed); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) (excluding drug evidence because it was unknown to defendants).

Under Rule 404, the foregoing exhibits cannot be used to prove that Parra acted in some general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). <u>Character of Parra is not an essential element to this matter</u>. Defendants' use of specific instances of conduct are not permitted and should not be considered in a dispositive motion.

This information unknown should not be considered under Rule 403 since any probative value it may have, is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, waste of time, and needlessly presenting cumulative evidence. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame and evoke anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the [decedent]...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the [decedent's] culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler*, 2008 WL 2954179, at *5; *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008). The exhibits Defendants submit as indicated herein have minimal if any probative value at all. Yet Defendants seek to repeatedly introduce prejudicial information unknown to Officers. Defendants must not be permitted to needlessly present witnesses and documents all to repeat the same or similar information that Officers cannot testify to from personal knowledge at the time. The focus of this matter should properly

1    remain on the Officers' conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir.

2    2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police).

3        Finally, Plaintiff objects that the identified exhibits as having multiple layers of

4    hearsay without exception under Federal Rule of Evidence 801, 802, and 805.

5        Therefore, Plaintiff respectfully requests that these exhibits be stricken from the

6    record, not considered in evaluating Defendants' motion, and that any "fact" cited by

7    defendants that is supported by any of these exhibits also be stricken and not considered for

8    determining this dispositive motion.

9    DATED:  December 17, 2025

10                           **SMITH ALSTON DARNER & LEE**
                            **LAW OFFICES OF DALE K. GALIPO**

11

12                           */s/ Jonathan D. Darner*
                    By:   _____

13                           Dale K. Galipo

14                           Jonathan D. Darner
                             John M. Alston

15                           Marcel F. Sincich
                             *Attorneys for Plaintiff*

16

17

18

19                    **CERTIFICATE OF SERVICE**

20        I certify that on December 17, 2025, I electronically transmitted the foregoing

21    document to the Clerk's Office using the CM/ECF System for filing and transmittal

22    of a Notice of Electronic Filing to all CM/ECF registrants.

23

24    By:  */s/ Cynthia Patino*

25        _____

26

27

28